United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN ROBINSON CUTZ TORRES,<br>Petitioner,<br>v.<br>TONYA ANDREWS, *et al*.,<br>Respondents. | Case No. 1:26-cv-08739 (EJD)<br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: Dkt. Nos. 1, 3 |

Petitioner Juan Robinson Cutz Torres is an immigration detainee proceeding with a petition for writ of habeas corpus under 28 U.S.C. § 2241 and motion for a temporary restraining order in which he seeks his immediate release from custody. *See* Dkt. Nos. 1, 3. He last entered the United States without inspection at an unknown time. *See Cutz Torres v. Warden of the Golden State Annex*, No. 1:26-CV-03633 (EJD), 2026 WL 2547114, at *1 (E.D. Cal. Aug. 28, 2026). In March 2026, Petitioner was arrested by ICE and has remained detained since.

Petitioner previously filed a habeas petition arguing that due process required he be released from custody or provided a bond hearing. *Cutz Torres v. Warden of the Golden State Annex*, No. 1:26-CV-03633 (EJD), Dkt. No. 1. The Court granted the petition in part, finding that Petitioner's detention was controlled by 8 U.S.C. § 1226(a), and ordering that he receive a bond hearing pursuant to that statute. *Cutz Torres*, 2026 WL 2547114, at *3. Petitioner received a bond hearing in September 2026. *See* Dkt. No. 11-1 at 1–3. At that hearing, an immigration judge denied Petitioner's bond request finding that Petitioner was a flight risk given his recent entry into the United States, that he failed to file any applications for immigration relief following his entry, and had limited familial ties in the country. *Id.* at 1–2.

In this subsequent petition and TRO, Petitioner alleges that he is entitled to release because his initial arrest was unlawful under the Immigration and Nationality Act. Dkt. No. 1 at 6. At various points, Petitioner also notes that he has been detained for more than seven months, amounting to a violation of his Fifth Amendment due process rights. *Id*. at 10–11. Respondents oppose relief, arguing that Petitioner must exhaust his administrative remedies by appealing his bond denial to the Board of Immigration Appeals ("BIA") before seeking habeas relief. Dkt. No. 11 at 2–3.

Where an immigration detainee has failed to exhaust his administrative remedies before seeking habeas relief, a court "ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (citing *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011)). In determining whether exhaustion is required, courts consider (1) whether agency expertise is "necessary to generate a proper record and reach a proper decision"; (2) whether relaxing the requirement would invite "deliberate bypass of the administrative scheme"; and (3) whether "administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Hernandez*, 872 F.3d at 988.

To the extent that Petitioner challenges the immigration judge's finding of flight risk, these factors weigh in favor of requiring Petitioner to exhaust his administrative remedies. First, the BIA is the subject-matter expert for appeals of custody redetermination and bond decisions. Accordingly, BIA consideration of the IJ's decision is necessary to generate a proper record and reach a proper decision. Second, permitting Petitioner to bypass the administrative scheme that governs appeals from bond and custody decisions by challenging this finding through habeas relief, *see* 8 C.F.R. § 1236.1(d), would likely encourage deliberate bypassing of this scheme. Third, BIA review of a bond and custody redetermination decision is likely to facilitate correction of any mistakes by the IJ and preclude the need for judicial review.

However, even where these factors point toward exhaustion, a court retains discretion to excuse that requirement where administrative remedies are inadequate or inefficacious, pursuit of

those remedies would be a futile gesture, irreparable injury would result, or the administrative proceedings would be void. *Hernandez*, 872 F.3d at 988 (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)). With respect to his bond denial, Petitioner has not demonstrated that an appeal to the BIA would have been inadequate or unavailing. Nor has Petitioner shown that the BIA lacked the authority or the practical ability to review and, if warranted, correct the immigration judge's bond ruling.

As to Petitioner's remaining claims, Petitioner is not entitled to further habeas relief at this time. As for his claims that he was unlawfully detained in March 2026 and has been denied the process he is entitled to under § 1226(a), this Court has already concluded that Petitioner's detention is controlled by § 1226(a). Petitioner may request another bond redetermination hearing before an immigration judge pursuant to that statute. *See* 8 C.F.R. § 1003.19(e). Additionally, Petitioner already received a bond hearing following issuance of this Court's prior habeas order.

Further, Petitioner has not shown that his detention under § 1226(a) has become unconstitutionally prolonged. Section 1226(a) authorizes the Government to detain a noncitizen "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Although § 1226(a) does not include a limitation on the duration of detention, it cannot be indefinite, and instead must be "limited to the period reasonably necessary to bring about an alien's removal from the United States." *Prieto-Romero v. Clark*, 534 F.3d 1053, 1063 (9th Cir. 2008) (citation modified). The lack of a certain end date for detention under § 1226(a), without more, does not render a noncitizen's detention indefinite. *Id.* at 1063.

Here, other than stating that he has been detained for seven months, Petitioner has not provided good reason to believe that his current detention has extended beyond a period reasonably necessary to bring about his removal. Indeed, Petitioner's appeal of his removal order is currently pending before the BIA. Thus, habeas relief is not currently warranted. *See Camilo A.M.L. v. Warden*, No. 1:26-CV-06174-MWJS, 2026 WL 2568530, at *1–2 (E.D. Cal. Aug. 31, 2026) (denying habeas relief to noncitizen who had been detained under § 1226(a) for more than six months); *Z.Z. v. On Habeas Corpus*, No. 1:26-cv-05908-MWJS, 2026 WL 2234648, at *1

United States District Court
Eastern District of California

(E.D. Cal. Aug. 3, 2026) (same).

For the foregoing reasons, the petition is DENIED without prejudice. Any outstanding motions are DENIED as moot. The Clerk of Court is DIRECTED to close this case.

**IT IS SO ORDERED.**

Dated: November 18, 2026

EDWARD J. DAVILA
United States District Judge